# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GALLEGOS,<br>Plaintiff,<br>v.<br>S. SPENCER,<br>Defendant. | Case No. 1:26-cv-05351-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jesus Gallegos ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 8.)

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Valley State Prison in Chowchilla, California, where the events in the complaint are alleged to have occurred. Plaintiff names S. Spencer (Education Principal) as the sole defendant. Plaintiff alleges that S. Spencer denied Plaintiff the right to practice his Wiccan religion under the First Amendment by denying issuance of an accommodation (ETO) Excused Time Off to attend his services. Plaintiff alleges S. Spencer denied Plaintiff Equal Protection by failing to provide Plaintiff with reasonable worship opportunities.

From November 26, 2025 to the present, Plaintiff was (1) not able to practice or attend his Wiccan/Pagan religious services in an open forum for several months since Spencer became interim, (2) he was unreasonably denied permission to attend his Wiccan/Pagan religious services for several months not rationally related to legitimate penological interest. Defendant Spencer denied Plaintiff an accommodation after submitting several GA-22 requests for accommodation at the Adult Education Program and access to religious services in violation of 15 CCR 3210(c). Defendant Spencer was designated as the principal and denied Plaintiff's several requests to

exercise his Wiccan/Pagan religion. On January 11, 2026, Plaintiff submitted a CDCR 602 grievance alleging that Defendant Spencer prevented Plaintiff from attending Wiccan/Pagan services.

Plaintiff was assigned to his Masonry Vocational Program since September 2024. Plaintiff is an adherent of the Wiccan/Pagan religion practicing for several years, which requires him to meditate and take weekly lessons on Tuesdays from spiritual elders in the craft. Plaintiff submitted request form GA-22 to Defendant Spencer requesting Excused Time Off from work to attend his religious services on Tuesdays from 12:00 pm to 14:00 pm. Spencer rejected and denied the excused absence time to attend religious services/ceremonies on numerous occasions. Spencer said that if Plaintiff misses his Vocational Work Assignment, she would take progressive disciplinary action including loss of privileges for attempting to attend Wiccan/Pagan prayer services "not rationally related to legitimate penological interest."

Spencer subsequently denied Plaintiff's ETO to attend his Tuesday Wiccan/Pagan religion services to prevent Plaintiff from practicing his religion. Plaintiff complained to Spencer that if Spencer could re-assign him from his Masonry Vocation Program to avoid missing his religious services that require prayer on Tuesdays.

At a meeting on November 26, 2025, Plaintiff and with others assigned to Vocational Masonry met with Spencer to discuss religious services and attendance. Spencer said, "They were no longer allowed to attend or receive (ETO) Excuse Time Off from vocational/educational assignment." This statement is not rationally related to legitimate penological interest. Spencer informed Plaintiff that Plaintiff was not able to attend his Wiccan/Pagan religious services or practice his faith in accordance with his religion because "vocational assignments are more important than Wiccan/Pagan beliefs." Spencer further said, "I feel you should be here at school/Vocational education as oppose to going to your religious services, on Tuesdays, it takes you guys up to four years to finish these classes that's why you can no longer attend your religious services Monday through Friday."[1]

[1] In the initial complaint, Plaintiff's original quotation of Spencer's statement did not include "on Tuesdays" because Plaintiff originally requested ETO Monday through Friday, as alleged in the

Defendant Spencer is responsible for approving ETO for religious services attendance or accommodation from Educational/vocation under the regulations at 15-minute increments (15 CCR 3045.2(4)).

In claim 1, Plaintiff alleges violation of the Free Exercise of Religion under the First Amendment. Spencer's denying Plaintiff access to one day Tuesday prayers and failure to remedy such a policy substantially burdened Plaintiff' religious exercise. She denied Plaintiff from practicing his religion by preventing him from attending Wiccan/Pagan services on Tuesdays from 12:00 pm to 14:00 pm in violation of 15 CCR 3210(c) and 15 CCR 3045.2 (4). Spencer denied access to religious services despite the regulations specifically obligating Spencer to "make every reasonable effort to provide (ETO) Excused Time Off to attend religious and spiritual services."

In claim 2, Plaintiff alleges a violation of the Equal Protection clause of the Fourteenth Amendment. Spencer's actions denied Plaintiff the ability to practice his faith and attend religious services on Tuesdays. Spencer failed to provide a reasonable accommodation to practice Wiccan/Pagan religion on Tuesday while allowing other faiths or religions similarly situated to practice and attend. Denial of the request or accommodation was not reasonably related to legitimate penological interest because Plaintiff's request for one day of the week, Tuesday, to attend his services. Spencer was obligated to equally enforce the rules for all incarcerated individuals requesting attendance of religious services regardless of their practiced religions. Plaintiff alleges that Spencer's denial of Plaintiff's request in GA-22 was not individually made.

"Neither limited resources nor lack of necessary accommodations to facilitate religious needs in Valley State Prison constituted compelling interest under Religious Land Use and Institutionalized Person Act (RLUIPA), and thus defendant S. Spencer could not avoid liability under RLUIPA in prisoner's action for alleged interference with exercise of Wiccan religion."

As remedies, Plaintiff seeks compensatory and punitive damages.

---

initial complaint, not just on Tuesdays. (ECF No. 1, p. 5 ¶15.)

## II. Discussion

### Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. Plaintiff's allegations are conclusory and do not state what happened, when it happened, or which defendant was involved. Plaintiff may not merely state he was denied rights without stating the factual support for denial of those right. Plaintiff must state factual allegations to support his claims, including any burden on his religious beliefs. Further, Plaintiff fails to identify how Spencer denied Plaintiff access to clergy religious services (or if any such services exist), or denied communal religious activities or that he could not practice by alternative means. Plaintiff's conclusory allegations are not sufficient.

### First Amendment Free Exercise of Religion

A plaintiff asserting a free exercise claim must show that the defendant's actions substantially burden his practice of religion. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "A substantial burden ... place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (internal quotation marks and citations omitted). "[A] prison policy that intentionally puts significant pressure on inmates ... to abandon their religious beliefs ... imposes a substantial burden on [the inmate's] religious practice." *Shakur v. Schriro*, 514 F.3d 878, 889 (9th Cir. 2008) (internal quotation marks and citation omitted). However, the court has also recognized that limitations on

a prisoner's free exercise rights arise from both the fact of incarceration and valid penological objectives. *See McElyea v. Babbit*, 833 F.2d 196, 197 (9th Cir. 1987). For instance, under the First Amendment, the penological interest in a simplified food service has been held sufficient to allow a prison to provide orthodox Jewish inmates with a pork-free diet instead of a completely kosher diet. *See Ward v. Walsh*, 1 F.3d 873, 877-79 (9th Cir. 1993).

To state a claim under the Free Exercise Clause, an inmate must plausibly allege that a prison official's actions (a) "substantially burden[ed]" the inmate's exercise of a sincerely-held religious belief; and (b) did so in an unreasonable manner—i.e., the official's actions were not "rationally related to legitimate penological interests." *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-50 (1987); *Jones v. Williams*, 791 F.3d 1023, 1031, 1033 (9th Cir. 2015); *see Haynes v. Orel*, No. 2:19-CV-1988 AC, 2021 WL 4355431, at *2 (E.D. Cal. Sept. 24, 2021).

Plaintiff fails to set forth sufficient facts to support his free exercise of religion claim. Plaintiff merely contends that he was required to attend his vocational classes and not given time off. Despite being provided guidance in the Court's screening order, Plaintiff has not sufficiently stated a claim because he failed to specifically allege facts that attending services at particular times is necessary for a "sincerely held" belief that is "rooted in religious belief." In addition, Plaintiff has not alleged facts that any denial substantially burdened the practice of his religion, or that any denial was not reasonably related to legitimate penological interests or that he did not have alternative means of practicing his religion. The allegations merely appear to allege that Plaintiff preferred to practice on Tuesdays,[2] not that he was precluded from practicing by alternative means.

---

[2] The Court notes that in Plaintiff's prior complaint, he alleged he had asked for time off from vocational training Monday through Friday, not just on Tuesdays. (ECF No. 1, p. 5 ¶16.) This now-narrowed allegation of his purported request, to just Tuesdays, does not state a claim for the reasons stated in the body of the paragraph. Particularly, he does not allege how missing one day a week substantially burdened his religious practice. Although superseded as a pleading, the prior pleading may be admissible in evidence against the pleader—e.g., as an admission or prior inconsistent statement by the pleader. While an amended complaint supersedes its prior iteration, "a plaintiff may not controvert what [he] has already unequivocally told a court" to avoid dismissal of a defective cause of action. *See Rojas v. Gates*, No. 1:23-CV-01428-BAM (PC), 2024 WL 814546, at *3, n.1 (E.D. Cal. Feb. 27, 2024), *report and recommendation adopted*, No. 1:23-CV-01428-KES-BAM (PC), 2024 WL 4044304 (E.D. Cal. Sept. 4, 2024); *see Ross v. Bolin*, No. 1:21-CV-01753 JLT SAB, 2022 WL 992967, at *2 (E.D. Cal. Apr. 1, 2022).

It appears from the allegations that Defendant Spencer had a “rationally related to legitimate penological” reason to require attendance at the training. Apparently, the masonry training is time-intensive and “it takes you guys up to four years to finish these classes.” Undoubtedly, adequate vocational training in preparation for release from prison is a legitimate penological interest. There is no allegation that Plaintiff was precluded from religious activities outside of working hours or precluded in any manner, other than during class hours. Plaintiff complains because he was not given time off 1 day a week (and in the initial complaint, he complained he was not given time off 5-days a week, Monday through Friday), to attend his preferred time of services during class hours. Plaintiff has been unable to cure this deficiency.

**RLUIPA**

A prisoner's ability to freely exercise his religion is also protected by the Religious Land Use and Institutionalized Persons Act (“RLUIPA”). The RLUIPA provides that “[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, ... unless the government demonstrates that imposition of the burden on that person ... is in furtherance of a compelling governmental interest ... and is the least restrictive means of furthering that ... interest.” 42 U.S.C.A. § 2000cc-1(a). “RLUIPA defines ‘religious exercise’ to include ‘any exercise of religion, whether or not compelled by, or central to, a system of religious belief.’ ” *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124 (9th Cir. 2013); 42 U.S.C. § 2000cc-5(7).

As with the First Amendment, under the RLUIPA, the government imposes a “substantial burden” on a prisoner when it puts “substantial pressure on [him] to modify his behavior and to violate his beliefs.” *Hartmann*, 707 F.3d at 1125 (citation omitted). RLUIPA is more protective than the First Amendment, in that the availability of alternative means of practicing religion is irrelevant to whether the Act has been violated. *See Holt v. Hobbs*, 135 S. Ct. at 862. With RLUIPA, the “ ‘substantial burden’ inquiry asks whether the government has substantially burdened religious exercise ..., not whether the RLUIPA claimant is able to engage in other forms of religious exercise.” *Id.*

Money damages are not available under RLUIPA against the state or state officials sued in

their official capacities, *Sossamon v. Texas*, 563 U.S. 277, 279 (2011), and RLUIPA does not contemplate liability of government employees in their individual capacity. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014). Thus, a RLUIPA claim may proceed only for declaratory or injunctive relief against defendants acting within their official capacities.

It appears that Plaintiff sues the individual defendant in her individual capacity for violation of RLUIPA. RLUIPA, however, does not authorize Plaintiff's claim against the individual defendants in their individual capacities. *See Wood*, 753 F.3d at 904. Plaintiff has been unable to cure this deficiency.

**Fourteenth Amendment Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc*., 473 U.S. 432, 439 (1985); *Hartmann v. California Dep't of Corr. & Rehab*., 707 F.3d 1114, 1123 (9th Cir. 2013). To state a claim, a plaintiff must show that defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123.

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that " 'the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,' " (citing *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Engquist v. Oregon Department of Agr*., 553 U.S. 591, 601–02 (2008).

Plaintiff fails to state a cognizable Equal Protection claim. Plaintiff's conclusory allegation that other religious groups were permitted to gather for religious expression is insufficient. Plaintiff fails to allege that these groups were similarly situated. Plaintiff does not allege that these groups required attendance at religious services during class hours. Rather, as noted above, Plaintiff alleges that Spencer stated a rational relationship to a legitimate state purpose for denying attendance at Wiccan/Pagan services during class hours. Moreover, while Plaintiff infers he has been treated differently based upon his membership in a protected class, he

offers insufficient facts to show Defendant Spencer intentionally discriminated against him on that basis without a rational basis. *Hartmann*, 707 F.3d at 1123.

**Title 15 and Policy Violations**

To the extent any defendant is alleged to have failed to comply with Title 15 or applicable prison regulations/policies, these deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See*, *e.g.*, *Nible v. Fink*, 828 F. App'x. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (explaining all section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *4 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

## IV. Conclusion and Recommendation

Plaintiff's first amended complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for failure to state

a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 29, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE